UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHIDI COLEMAN,<br><br>    Petitioner,<br><br>    v.<br><br>RICK HILL, WARDEN,<br><br>    Respondent. | No. 2:14-cv-0806 KJN P<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

    Under Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. Summary dismissal of the Petition is required for the reasons set forth below.

    The petition does not challenge a conviction or sentence, a prison disciplinary, or a parole decision. (ECF No. 1.) Rather, petitioner challenges as unconstitutional the mail return policy for inmates who are temporarily "out to court" or "out to medical" for more than seven days.

(ECF No. 1 at 12.)  Petitioner contends that he lost the right to appeal his criminal conviction when prison authorities returned to sender legal mail from the Court of Appeals for the Ninth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court may only entertain a state prisoner's application for federal habeas relief on the ground that the prisoner's custody violates the Constitution or law or treaties of the United States.  28 U.S.C. § 2254(a).  Thus, a habeas corpus petition can only be used to challenge the fact or duration of a prisoner's confinement; by contrast, a civil rights action is the proper mechanism for challenging conditions of confinement.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (prisoner must bring conditions of confinement claims by way of a civil rights complaint brought pursuant to 42 U.S.C. § 1983, not a habeas corpus petition).

As discussed above, the petition challenges a condition of petitioner's confinement, not the fact or duration of his imprisonment stemming from his underlying conviction and sentence. Petitioner sets forth no facts that point to a real possibility of constitutional error relating to his conviction and sentence.  Consequently, the petition is subject to summary dismissal.  Rule 4, 28 U.S.C. foll. § 2254; Mayle v. Felix, 545 U.S. 644, 656 (2005).

Under appropriate circumstances, district courts have discretion to construe a habeas petition as a civil rights action.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  However, it would be inappropriate to construe the instant petition as a civil rights complaint for several reasons.  First, the petition was not accompanied by the filing fee.  Even though he is entitled to proceed in forma pauperis on habeas review, petitioner did not provide an authorization to have the filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b).  Petitioner has not indicated that he is willing to incur the $350.00 filing fee to be assessed against his inmate trust account should this action go forward as a civil rights case.  Petitioner should be allowed to make this financial decision and not have it imposed upon him as a result of converting the petition into a civil rights complaint.

Second, petitioner has not stated that he is willing to incur a potential "strike," within the meaning of 28 U.S.C. § 1915(g), should this action be converted to one brought under 42 U.S.C.

§ 1983 and he not prevail. At this time, petitioner has three other civil rights cases pending in this court. Therefore, the court should not decide to convert this action.

Third, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In California, this means that a prisoner must proceed through the various levels of administrative appeal, completing the third level of review, before filing suit in federal court. Cal. Code Regs. Tit. 15, § 3084.7; Barry v. Ratelle, 985 F.Supp. 1235, 1237-38 (S.D. Cal.1997). The Supreme Court has held that the PLRA's exhaustion requirements apply to all claims relating to prison life which do not implicate the duration of a prisoner's sentence. Porter v. Nussle, 534 U.S. 516, 532 (2002). It appears petitioner attempted to exhaust the instant allegations by filing petitions for writ of habeas corpus in the Sacramento County Superior Court, the state Court of Appeal, and the California Supreme Court (ECF No. 1 at 2-3); however, such filings do not comport with the exhaustion requirements under the PLRA.[1]

Fourth, at least two of petitioner's pending civil rights actions raise claims potentially relevant to claims raised here. On August 1, 2013, petitioner filed a civil rights complaint in which he states,

> [t]he California Department of Corrections and Rehabilitation promulgated a mail return policy that is unconstitutional. When an inmate is 'out to court' or 'out to medical' for more than (7) days, the prison returns that inmate's mail to the court.

See Coleman v. CDCR, Case No. 13-cv-1590 EFB (E.D. Cal.). Such claim appears virtually identical to the claim petitioner attempts to raise here. Moreover, petitioner has another civil rights case pending in which he raises claims concerning alleged First Amendment violations. See Coleman v. Foulk, Case No. 13-cv-1753 CKD (E.D. Cal.) Petitioner may not litigate the

---

[1] Petitioner appears to seek review of the decisions of the Sacramento County Superior Court by incorporating the language used in collateral challenges to state criminal convictions. In ground one, petitioner identifies his claim as a "petition for review of lower court's decision and rebuttal 'Superior Court's decision contrary to clearly established federal law [sic].'" (ECF No. 1 at 4.) However, the federal district court does not have jurisdiction to review a state court's ruling. In other words, petitioner cannot "appeal" a state court's ruling to the United States District Court.

1  same claims in different cases, and must raise related claims in the same action.  Thus, petitioner
2  should decide whether he should seek leave to amend in one of his pending civil rights cases, or
3  whether he is attempting to raise a new claim that must be filed as a new civil rights action.

4      For all of these reasons, the court finds it inappropriate to construe the instant petition as a
5  civil rights complaint.  Therefore, it is recommended that this action be dismissed for lack of
6  jurisdiction.

7      Finally, on March 31, 2014, petitioner filed a request that the court issue an order allowing
8  him to receive copies of the exhibits in support of the petition.  (ECF No. 3 at 1.)  However, in
9  light of the recommended dismissal of this action, petitioner does not need to submit exhibits.

10      In accordance with the above, IT IS HEREBY ORDERED that:

11      1.  Petitioner's motion to proceed in forma pauperis is granted;

12      2.  The Clerk of the Court is directed to assign a district judge to this case;

13      3.  Petitioner's motion regarding exhibits (ECF No. 3) is denied; and

14      IT IS RECOMMENDED that this action be dismissed with prejudice.

15      These findings and recommendations are submitted to the United States District Judge
16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
17  after being served with these findings and recommendations, petitioner may file written
18  objections with the court and serve a copy on all parties.  Such a document should be captioned
19  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,
20  he shall also address whether a certificate of appealability should issue and, if so, why and as to
21  which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the
22  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.
23  § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may
24  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
25  1991).

26  Dated:  April 14, 2014

27      KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

28  cole0806.156

4